## ZENO B. CLARKE, Appellant, v. GEORGE O. PERRY, Respondent.

The Probate Court is a court of special and limited jurisdiction. Most of its general powers belong peculiarly and originally to the Court of Chancery, which still retains all of its jurisdiction.

Where a bill is filed in Chancery against an Administrator to compel him to account, by one who has not been an actual party to a proceeding or settlement in the Probate Court, he may totally disregard such proceeding or settlement.

A settlement in the Probate Court is a final settlement, but a complainant who was no party to it may treat it as a nullity, and proceed to invoke the equitable powers of the District Court, and compel the administrators to a full account.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The plaintiff was a resident of Montreal, Canada, and sole heir of Charles F. Clarke, a deceased intestate. The defendant was administrator in the county of Sacramento. The suit is brought to recover the true value of the property, as shown by the profits realized by de-

fendant. The complaint alleges that the administration was conducted in bad faith, and the settlement fraudulent and made without notice to plaintiff. The defense was the settlement with the Probate Court. At the trial, plaintiff produced a copy of the settlement of the administrator with the Probate Court, which defendant admitted without objection. Plaintiff then offered to introduce testimony to sustain the allegations in the complaint, which was refused by the Court. Plaintiff's counsel then asked the Court to declare the law upon which such ruling was made, whereupon the Court held, "that the allowance and settlement of the estate by the Probate Court of Sacramento county was conclusive against the plaintiff, and that no evidence would be admitted, proving or tending to prove that the settlement of the Probate Court was fraudulent on the part of the defendant, and not made according to law." Plaintiff then excepted, and rested his case. Defendant then moved for a nonsuit, which was granted. Plaintiff appealed.

*James H. Hardy* for Appellant.

The Court erred in refusing to admit the testimony offered by the plaintiff.

1. Because as the Probate Court is an inferior Court of limited and defined powers, every fact necessary to show regularity and legality in the settlement should appear upon the record, and it was error in the Court to consider the settlement proven. 19 Johns., 33. 8 Con., 311. Peacock v. Bell, 1 Saund., 73. 5 Cranch, 173. 1 Peters, C. C. R., 30. 3 Wend., 267.

2. Courts will interfere after settlement, and set aside a decree in favor of a party interested who has had no notice. Pratt v. Northam, 5 Mason, 95. Dial v. Farron, 1 McMullan, 292. Humphries v. Bartee, 10 S. & M., 282. Clark v. Halliday, 9 Mo , 702. Enos v. Smith, 7 S. & M., 85. Buckmaster v. Caslin, 3 Scam., 104.

3. An administrator is not allowed to make profits out of an estate. Laws of Cal. Williams on Ex., 801. Jamison v. Hapgood, 10 Pick., 77. And a decree of a Probate Court can, for this reason, be impeached for fraud. Callahan v. Griswold, 9 Mo., 782. Hall v. Hamlin, 2 Watts, 354. 1 Green, 263.

*Robinson & Beatty* for Respondent.

1. The appellant having introduced in the Court below the decree or order of the Probate Court on the settlement of the final account of the administrator, (the respondent,) he could not be permitted to attack his own evidence.

2. The decree of the Probate Court was conclusive.  6 Pick., 422. 5 Watts, 90.  4 Washington C. C. R., 657.  1 Green., 18.  14 Pick , 405.  7 Ib , 1.  6 Cowen, 494.  6 Porter., 236.  2 Cowen & Hill's Notes, 65–69.

3. If there was no settlement by the Probate Court, the whole matter is still pending before that tribunal.

HEYDENFELDT, J., delivered the opinion of the Court.    MURRAY, C. J., concurred

The Probate Court is a Court of special and limited jurisdictions. Most of its general powers belong peculiarly and originally to the Court of Chancery, which still retains all of its jurisdiction. Where, therefore, a bill is filed in chancery against an administrator to compel him to account, by one who has not been an actual party to a proceeding or settlement in the Probate Court, he may totally disregard such proceeding or settlement; and although the settlement in the Probate Court is a final settlement, the complainant, who was no party to it, may treat it as a nullity, and proceed to invoke the equitable powers of the District Court, and compel the administrator to a full account. The Court below erred in excluding the evidence offered by the complainant to sustain the allegations of his bill, and the judgment is reversed, and the cause remanded.