## KLINE *v.* CHASE.

A JUDGMENT debtor who redeemed his property within twenty-one days after the Sheriff's sale, but who had received from his tenants in possession four hundred and forty-five dollars rent between the day of sale and the redemption, held liable to the purchaser at the sale for the amount so received.

*Harris* v. *Reynolds* (13 Cal. 514) on this question, affirmed.

APPEAL from the Seventeenth District.

Plaintiff sues to recover four hundred and forty-five dollars rent of certain property described in the complaint, claiming as the purchaser of the premises at Sheriff's sale under a decree in the case of *Kline* v. *Chase,* a former suit between the same parties. The defendant here was the judgment debtor there. The premises were sold on the ninth of July, 1859, were bid in by plaintiff, and redeemed by defendant on the first of August following, by the payment of the judgment and costs, (the amount bid) and twelve per cent. This suit was commenced Oct. 22d, 1859. The premises were occupied by several tenants of the judgment debtor, and he received the amount of rent sued for and accruing between the time of sale and redemption.

Kline *v.* Chase.

The Court below gave plaintiff judgment for the amount claimed, upon the authority of *Harris* v. *Reynolds* (13 Cal. 514).

*A. Smith,* for Appellant.

1. The defendant was neither actually nor constructively a tenant in possession of the premises between the date of the Sheriff's sale and the redemption.

2. Defendant redeemed the premises. The effect of the sale was then terminated, and the debtor was restored to his estate. (Pr. Act, 150, sec. 232.)   "If the debtor redeem at any time before the time for the redemption expires, the effect of the sale shall be terminated, and he be restored to his estate." The term "effect" includes every conceivable consequence resulting from a sale of real property ; and that "he be restored to his estate," is an expression equally generic, and must imply a complete restoration to his estate, unburdened by any "effect" of the sale—such as attornment to the purchaser, liability for use and occupation, interference by injunction or otherwise.  In other words, this section must mean an unconditional restoration to his estate as it was at the time of the sale.

The former decisions of this Court only go to sustain a recovery for rents and profits, or the value of the use and occupation of premises in suits brought to recover the same, after the time for redemption has expired and no redemption made.  In the case at bar, the redemption was duly made within twenty-one days after the sale.

*W. Campbell & Alexander W. Baldwin,* for Respondent, relied on *Harris* v. *Reynolds,* (13 Cal. 514) and Pr. Act, 236.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

Judgment affirmed, for the reasons given by the Judge below in his opinion.  It is unnecessary to state these reasons, since the principles governing the case have already been settled in *Harris* v. *Reynolds,* (13 Cal.) and other cases.

See *Knights* v. *Truett,* 18 Cal.