[No. 14024.  In Bank. — July 3, 1891.]

IN THE MATTER OF THE ESTATE OF PETER MISAMORE, DECEASED.

ESTATES OF DECEASED PERSONS — LIABILITY OF ADMINISTRATOR — RENTS AND PROFITS OF REALTY. — An administrator is responsible for the rents and profits of his decedent's land, and, where he occupies and uses it as his own, is responsible for all profits made by him out of the land, unless his occupation is shown to be after surrender to a paramount adverse title asserted by another.

ID. — LACHES OF HEIRS — CONTESTING FINAL ACCOUNT — NEGLECT OF ADMINISTRATOR. — The fact that the heirs of a decedent omit for many years to assert their claim to the rents, issues, and profits of property, of which the administrator of the estate had control, will not render them guilty of laches so as to estop them from contesting the final account of the administrator, for which he seeks judicial sanction, or preclude them from seeking to charge him with the rents and profits in such account.

APPEAL from an order of the Superior Court of Yuba County settling and allowing an administrator's final account.

The facts are stated in the opinion.

*Forbes & Dinsmore,* for Appellants.

*E. A. Davis,* and *W. G. Murphy,* for Respondents.

FOOTE, C. — This is an appeal from an order settling and allowing the final account of an administrator. The contestants and appellants are the children and heirs at law of the decedent.

The principal matter at issue is the responsibility of the administrator for rents, issues, and profits derived from the possession and occupation of a certain tract of land — a possessory claim — left by his decedent.

The contestants claim that the administrator should be charged "with this land, and with the reasonable value of the rents, issues, and profits thereof; and during the periods, when he has farmed it himself, and made a profit in excess of the reasonable value of the rents, issues, and profits, then with the profit made by him out of the land."

In opposition to this, the administrator claimed and endeavored to show that the decedent had no title to the land; that it was a mere possessory or "squatter's claim"; that he only took possession to take off the growing crop of the year 1866, — that in which his decedent died; that he surrendered the land, under title paramount, to other parties, and that he afterwards bought it from the true owners, and never held possession, except adversely to his decedent's estate, save during the year 1866; that he became the owner by paramount adverse legal title, and has always held it as such since 1873, and never held possession as administrator since 1867.

As to the point made that the probate court cannot make an administrator responsible for rents and profits

of decedent's land, it is settled that it can do so, where he occupies and uses it as his own. ( *Walls* v. *Walker,* 37 Cal. 431; 99 Am. Dec. 290.)

So far as the finding of laches on the part of the contestants is concerned, we do not see how it is supported by the evidence.

The administrator, as trustee, presents his final account, the estate being open and unsettled, for allowance; and as to all property and matters over which he has control, and about which he acts in that capacity, he asks that they be settled in this proceeding. To say, then, that as to these matters, which pertain to his final account as trustee, and for which he seeks judicial sanction, the contestants shall not be heard, because the administrator has chosen to neglect the final settlement of the estate, hardly comports with the doctrine of courts of equity in such cases.

It might be as to the span of horses, claimed to be exempt, that under a certain state of facts the administrator would not be responsible for them to the contestants in this action. But the state of facts, viz., that there was an order of the court *setting them aside as exempt,* and thus taking them out of the estate, does not appear satisfactorily to have existed. Hence, as the administrator took them as estate property, the contestants are not prevented by laches from having him to account for them.

With reference to the other principal matter, — that is, the alleged responsibility of the administrator for the rents, issues, and profits of his decedent's land, — it may be said that if the evidence and findings showed that no damage resulted to the estate from his surrender of the land, or that his surrender was to a paramount adverse title asserted by another, then he would not be responsible for rents, issues, or profits. But neither the evidence nor the findings sufficiently show such a state of facts.

It becomes unnecessary to make special mention of any of the other points made, but, for the reasons stated,

we are of opinion that the judgment and order should be reversed.

TEMPLE, C., and VANCLIEF, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are reversed.