CASE 49.—ACTION BY LILLIE NORRIS, WIDOW AND AD-MINISTRATRIX, OF ALBERT S. NORRIS, DE-CEASED, AGAINST JOHN E. WILLIAMS FOR A SETTLEMENT OF HER ACCOUNTS.—December 5, 1901.

## Norris, &c. v. Williams.

Appeal from Bracken Circuit Court.

From the judgment ordering a sale of the land of the decedent to pay his debts, she appealed.

1. Judicial Sales—Apportionment of Rents—Statement of Com-missioner at Sale Not Binding.—Where a widow had rented to another a part of the land of her deceased husband prior to its sale under a decree of court for the payment of debts, she and the heirs were entitled to the rents up to the time of the confirmation of the sale, and the purchaser was entitled to the rents after that time, and therefore so much of the crop as the landlord was to receive as rent should be apportioned between them upon that basis; and as to land which the widow had in cultivation at the time of the sale, so much of the crop as would be a reasonable rent for that part of the land should be apportioned upon the same basis, while, as to the rest of the premises which she and the children hold, she must pay a reasonable rent from the confirmation of the sale until she surrenders possession to the purchaser.

2. Statements of the commissioner made at the sale did not bind the widow or the infant children, the widow not being present and her attorney who was present having no power to waive their rights.

H. C. WEAVER for appellants.

BYRON & HARGETT for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Albert S. Norris died intestate a resident of Bracken county in November, 1897, leaving a widow —appellant Lillie Norris, and two infant children under fourteen years of age. She qualified as administrator of his estate and filed this suit for the settlement of her accounts. His personal estate amounted to something over $2,000.00; he owned a tract of land worth about $4,000.00. At the March term, 1899, the court ordered a sale of the land, this being necessary to pay the debts. The sale was made on June 12, 1899, and was reported to the court and confirmed without exception on July 6th. Some litigation then ensued between the purchaser and appellants, the widow and children, as to his right to a writ of possession, and he did not get a writ of possession until some time afterwards. At the October term, 1899, on his motion the receiver of the court was ordered to take charge of the landlord's share of the crops raised on the farm in the year 1899 and to sell them and hold the the proceeds subject to the orders of the court. The crops were tobacco and corn; the receiver complied with the order and sold the crops for $541.14, and was ordered by the court to pay the entire proceeds to the purchaser. The crops were growing on the land at the time of the sale and when it was confirmed, the tobacco land having been rented out by Mrs. Norris and the corn having been cultivated by her.

It has been held by this court that rents accruing after the death of the owner go to the heirs and devisees until they are divested of the title and right

to possession of the land by a judgment of court. It has also been held that the purchaser at a judicial sale is not entitled to the rents until the sale is confirmed, and is entitled to the rents after that. (Talliferro v. Gay, 78 Ky. 498; Ball v. First National Bank, 80 Ky. 501; Elliott v. Bush, 3 R. 466; Brown v. Burkley, 3 R. 469.)

In Robb v. Hanna, 12 R. 361, the court said:

"Appellant (the owner) being in possession when the sale was confirmed and having crops not matured and harvested, it became necessary for the chancellor to determine and fix the relative rights and interest of him and the purchaser. And as the latter was thereafter entitled to possession and enjoyment of the land, the only equitable adjustment that could have been made was to limit the right of his entry to such parts of the land as were not in actual cultivation and to require appellant to pay a reasonable rent for use thereafter of so much as he had in his growing crop."

Under these principles, the widow and children were entitled to the rent of the land up to the confirmation of the sale on July 6th, and the purchaser was entitled to the rent from that time to the end of the year, on December 31st, and the rents must be apportioned between them on this basis. We must assume that the land which the widow rented out was rented at a reasonable rent in the absence of proof to the contrary. The purchaser does not complain of this, and the landlord's part of the tobacco must be apportioned between them as above indicated. The corn, or so much if it as represented a fair rent for the land where land is rented for a part of the crop, must be apportioned in the same way. As to the rest of the premises which Mrs. Norris and the

children held, she must pay a. reasonable rent from the confirmation of the sale until she surrenders possession to the purchaser.

Judicial sales are peculiarly within the discretion of the chancellor and he has a broad discretion in protecting those who by their industry have growing crops upon the land. It is not the policy of the law that land shall lie idle, and the tenants who rented this land were entitled to their crops; the widow also was entitled to hers, and the landlord's share of the crops went to those who were entitled to the rent of the property. The statements of the commissioner when he made the sale did not bind the widow or the infant children. She was not present, and we are by no means clear that her attorney, who was present, understood more than that the purchaser was to have the landlord's rent after confirmation.

But he had no authority to waive the rights of the widow and children.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.