F. A. PATRICK & CO., a Corporation, v. EDWIN H. KNAPP and Emil O. Fonkalsrud, Copartners as Knapp & Fonkalsrud, Defendants, and A. Hilliard, Intervener.

(145 N. W. 598.)

The owner of a certain business block assigned the future rents to one H. Later plaintiff obtained judgment against the owner of the premises and sold the same upon execution. This action is to determine the rights to the rents subsequent to the sale. H. was also the holder of a prior mortgage under which he sold the premises six months after the said execution sale. The rights of the mortgagee to the rents after his sale are also in dispute.

**Execution — sale under — purchasers — become owners of premises — redemption — title — dates from sale — rents — owner's interest extinguishes — assignment of rents by owner — extinguished.**

1. Upon the sale under the execution, the purchasers became the owners of the premises, subject to the mortgage of H., and subject to the various rights of redemption. In the absence of a redemption the purchaser's title dates from the sale. Under § 7148, Rev. Codes 1905, such purchaser is entitled to the rents from the time of the sale. As the owner's interest in the land was extinguished by the sale, her assignment of the rents given to H. was also extinguished, and the purchaser was entitled to the same until his interest in turn was extinguished by sale upon the mortgage held by H. Authorities collected and digested.

**Mortgage — sale under — rents.**

2. After the sale to H. under his mortgage, he in turn was entitled to receive the rents.

Opinion filed February 11, 1914.

Appeal from the District Court of Stark County, *Crawford,* J.

Judgment modified and affirmed.

*Thomas H. Pugh,* for appellant.

A prior unrecorded lien against the land in question, of which the judgment creditor had no knowledge or notice, will be postponed to the lien of the judgment. Black, Judgm. 2d ed. § 446, and cases cited; Tiffany, Real Prop. p. 1319; Perkins v. Adams, 16 Colo. App. 96, 63 Pac. 792; Teller v. Hill, 18 Colo. App. 509, 72 Pac. 811; Berryhill v. Smith, 59 Minn. 285, 61 N. W. 144; Hall v. Sauntry, 72 Minn. 420, 71 Am. St. Rep. 497, 75 N. W. 720; Lewis v. Atherton, 5 Okla. 90, 47 Pac. 1070; Bank of Indiana v. Anderson, 14 Iowa, 544, 83 Am. Dec. 390; Henniges v. Paschke, 9 N. D. 489, 81 Am. St. Rep. 588, 84 N. W. 350; Elderlin Invest. Co. v. Nordhagen, 18 N. D. 517, 123 N. W. 390; Ildvedsen v. First State Bank, 24 N. D. 227, 139 N. W. 105.

The equities of the intervener will be postponed to the claim of the plaintiff. Ildvedson v. First State Bank, 24 N. D. 227, 139 N. W. 105; Whithed v. St. Anthony & D. Elevator Co. 9 N. D. 227, 50 L.R.A. 254, 81 Am. St. Rep. 562, 83 N. W. 238; Harris v. Reynolds, 13 Cal. 515, 73 Am. Dec. 600; Rev. Codes 1905, § 7148.

The law regards the purchaser as the owner of the land from the time of sale and during the period allowed to redeem. Page v. Rogers,

31 Cal. 302; Walker v. McCusker, 71 Cal. 594, 12 Pac. 725; Harris v. Foster, 97 Cal. 292, 33 Am. St. Rep. 187, 32 Pac. 246; Whithed v. St. Anthony & D. Elevator Co. 9 N. D. 227, 50 L.R.A. 254, 81 Am. St. Rep. 562, 83 N. W. 238; Clement v. Shipley, 2 N. D. 430, 51 N. W. 414.

The appellate court will review the evidence to determine whether or not the facts found by the trial court are correct. Bessie v. Northern P. R. Co. 14 N. D. 614, 105 N. W. 936.

*W. F. Burnett,* for respondents and intervener.

Rent issues out of the thing granted, and is no part of the thing or land itself. Payn v. Beal, 4 Denio, 405; 7 Words & Phrases, Rents; Farmers' Trust Co. v. Prudden, 84 Minn. 126, 86 N. W. 887.

The instrument in question was not required to be recorded to render it effective. Farmers' Trust Co. v. Prudden, supra; Harris v. Taylor, 35 App. Div. 462, 54 N. Y. Supp. 864; Riley v. Sexton, 32 Hun, 245; Sexton v. Breese, 135 N. Y. 387, 32 N. E. 133; Cargill v. Thompson, 57 Minn. 534, 59 N. W. 638.

The rule of *caveat emptor* applies in execution and foreclosure sales. Louisville & N. R. Co. v. Illinois C. R. Co. 174 Ill. 448, 51 N. E. 824; 7 Ballard, Real Prop. § 572; Griffith v. Burlingame, 18 Wash. 429, 51 Pac. 1059.

The rents assigned by a judgment debtor before judgment was rendered, under which the sale was made, belong to the assignee. Abel v. Wilder, 7 B. Mon. 530; Fullerton v. Shauffer, 12 Pa. 220; Johnson v. Cook, 96 Mo. App. 442, 70 S. W. 526.

Burke, J. June 12, 1905, Annis Brown was the owner of a business block in the city of Dickinson, North Dakota, and upon that date she executed a mortgage upon the premises to one Hilliard to secure the sum of $5,000. August 1, 1908, she obtained a further loan from Hilliard in the sum of $2,000, for the purpose of placing the building in repair, and as security assigned to him "the rents and profits of said described premises until the full amount of said note shall be paid." This assignment was never placed on record with the register of deeds of Stark county, but under its terms Hilliard assumed the management of the premises, rented the same, collected the rent, and applied the proceeds upon his $2,000 note. September 11, 1908, plaintiffs obtained

judgment against Annis Brown, caused execution to issue, and the premises were sold on the 31st day of December, 1910, to satisfy the amount of said judgment, plaintiffs being the purchasers at such sale. Said sale was thereafter duly confirmed by the court. This action was thereupon commenced by the plaintiffs to recover rents and profits of the premises from Knapp, who was the tenant in possession. Hilliard intervened in said suit, and shortly thereafter caused foreclosure proceedings upon his $5,000 mortgage, which resulted in a sale of the premises to him on July 1, 1911. No redemption was made from either sale.

Two separate questions are presented to us for decision. First, who was entitled to the rents from December 31, 1910, until July 1, 1911; and second, to whom did the said rents belong after that date.

(1) Until December 31, 1910, Annis Brown was the owner of the premises in question, and had a right to the rents and profits, or might assign or hypothecate the same. It is undisputed that she did so assign the rents and profits to Hilliard. Upon that date all her interest in the said premises were sold upon execution sale to the plaintiffs, Patrick & Company. They became the owners of the premises subject to the mortgage of Hilliard, and subject to the various rights of redemption held by Annis Brown and her creditors. See Clement v. Shipley, 2 N. D. 430, 51 N. W. 414; Whithed v. St. Anthony & D. Elevator Co. 9 N. D. 224, 50 L.R.A. 254, 81 Am. St. Rep. 562, 83 N. W. 238; Page v. Rogers, 31 Cal. 294, from which we quote: "The legal title remains in the judgment debtor, with the further right in him and his creditors having subsequent liens, to defeat the operation of a sale already made during a period of six months, after which the equitable estate acquired by the purchaser becomes absolute and indefeasible, and the mere dry, naked, legal title remains in the judgment debtor, with authority in the sheriff to devest it by executing a deed to the purchaser. Even during the period which elapses between the sale and expiration of the time for redemption, the statute regards the purchaser as the owner in equity and gives him the rents and profits; . . . in short, it gives him the entire beneficial interest in the property except the actual possession." See also Kline v. Chase, 17 Cal. 596; North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 486, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453.

Section 7148, Rev. Codes 1905, reads: "The purchaser from the time of the sale until a redemption, and a redemptioner from the time of his redemption until another redemption, is entitled to receive from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof. . . ."

Thus, upon the sale of Annis Brown's interest in the land, we find her devested of the equitable title and the right to collect rents and profits, which have been transferred by the sale to plaintiffs herein. It must necessarily follow that any prior assignment or hypothecation of those rents must fail with the passing of her title. If she could not collect the same herself, she certainly had no right to collect them through an assignee. Upon said date Patrick & Company stepped into her shoes and became the owners of the property as truly as she had been, subject only to the prior encumbrances held by Hilliard and the right of redemption by other lien holders. No redemption having been made from the sale, they were not required to account for the rents which they received. The parties would evidently be in the same position as though Patrick & Company had, on the 31st day of December, 1910, purchased the premises from Mrs. Brown. In view of the fact that no mortgage foreclosure proceedings had been instituted at that time, and that the assignment of the lease was not of record, and had not been brought to the attention of Patrick & Company, would they not be entitled to the rents until a sale of the premises under the mortgage? Section 7148, supra, makes no distinction between purchasers at execution and mortgage foreclosure sales, and the case of Gaynor v. Blewett, 82 Wis. 313, 33 Am. St. Rep. 47, 52 N. W. 313, treats the proposition in this wise: "He [Hilliard in this case] could not get any better right than his lessor, the mortgagor defendant [Mrs. Brown—in this case] had. It matters not that he did not know, as he says, that there was any intention to apply for the appointment of a receiver. He knew, or is chargeable with knowledge, that the court might make such an appointment . . . so far as the possession of the premises is concerned; the appointment of the receiver had the effect of an equitable ejectment. Were this otherwise the beneficial results ·of a receivership could be easily defeated by giving a lease of the premises in question long ·enough to last during the probable duration of the litigation, and by collecting the rent in advance. The receiver, on his

appointment, became entitled, as against the appellants, to the possession and use of the premises, and his rights are in no way affected by the provisions of the lease and payment in advance of rent." In the Wisconsin case, sale had been made on foreclosure and a receiver appointed to collect the rents, which is the only difference between that and the case at bar, excepting that the rents in that case had been paid for one year in advance to the assignee, who corresponds to Mr. Hilliard in this case. In the case of Harris v. Foster, 97 Cal. 292, 33 Am. St. Rep. 187, 32 Pac. 246, the tenant had paid the rents in advance for the whole term of his lease. Foreclosure had been begun and the mortgagee attempted to collect the rents from the tenant. We quote: "The defendant contends that as he leased the land before it was purchased by the plaintiff at the foreclosure sale, and paid to the then owners the rent in advance for the whole term, in accordance with the agreement contained in the lease; that he is not liable to the plaintiff. . . . The plaintiff having become the purchaser of the land under a decree foreclosing a mortgage made long before the date of defendant's lease, and of which mortgage the defendant had notice, it is no defense to this action that defendant paid the rent in advance. The lessor, to whose title plaintiff has succeeded, was not entitled to the rent accruing, or to the value of the use and occupation of the property, subsequent to the sale under the judgment of foreclosure, unless such lessor effected a redemption from the sale; and the payment of rent for the period extending beyond the date of such sale was made by defendant at his peril. This necessarily results from the well-established rule that a subsequent grant or lease of mortgaged premises is subject to the prior mortgage, if the purchaser or lessee had either actual or constructive notice of such mortgage. If the law were otherwise, it would be in the power of the mortgagor to materially diminish the value of the mortgaged property as security for the debt for which the mortgage was given, by simply leasing it for a long period and collecting the rent in advance, or by leasing it for such period for a nominal rent. It was held in the case of McDevitt v. Sullivan, 8 Cal. 593, in accordance with the views we have here expressed, that where the owner of mortgaged premises leases the same for a term of years, and the rent is paid in advance by the tenant, that the purchaser under the mortgage sale can require the tenant to pay the rent over again." Of course, the above

cases differ from the one at bar in that the purchaser bought at mortgage sale in place of execution sale, but the principle is the same.

In Townsend v. Isenberger, 45 Iowa, 670, the facts were very similar to the case at bar, excepting that the property was farm land and the owner had assigned his share of the crop. The supreme court of Iowa held that the "rent reserved by lease, and not accrued, passes by a conveyance of the land to the grantee. Abercrombie v. Redpath, 1 Iowa, 111; Van Driel v. Rosierz, 26 Iowa, 575. A purchaser under an execution sale is entitled to the rent accruing or falling due after the execution of the sheriff's deed. Bank of Pennsylvania v. Wise, 3 Watts, 394; Martin v. Martin, 7 Md. 368, 61 Am. Dec. 364."

In Smith v. Newman, 140 Ky. 80, 130 S. W. 953, Ann. Cas. 1912B, 395, it is said: "It is a well-settled general rule in this state that the purchaser . . . is entitled to the possession of the property purchased when the sale is confirmed, and consequently entitled to the rent from that date. Taliaferro v. Gay, 78 Ky. 496; Ball v. First Nat. Bank, 80 Ky. 507; Norris v. Williams, 139 Ky. 422, 65 S. W. 439. But, to this rule there is the exception that if the purchaser buys the property with the understanding that he is not to get possession until a specified time after the sale, he will not be entitled to it before the time designated."

In Jashenosky v. Volrath, 59 Ohio St. 540, 69 Am. St. Rep. 786, 53 N. E. 46, it is said: "The equity of the rule is manifest, because the purchaser cannot escape from the sale because he may think it disadvantageous to him, and he is required to pay interest from the date of sale on so much of the purchase price as he has not actually paid. That the right to the immediate rents passes to the purchaser as one of the results of confirmation has been held in numerous cases." See also Taylor v. Cooper, 10 Leigh, 317, 34 Am. Dec. 737.

At vol. 24 Cyc. page 64, the text says: "When the sale is duly confirmed, the purchaser is generally held entitled to the rents and profits from the time of the sale. Rent reserved, but not accrued, under a lease, passes with the conveyance of the premises, and a purchaser thereof at judicial sale becomes entitled to such rent. Where rent has been paid in advance for a term which does not expire until after the completion of the purchase, the purchaser is entitled to a *pro rata* portion thereof."

We must admit, however, that the case of Griffith v. Burlingame, 18 Wash. 429, 51 Pac. 1059, holds contrary to our conclusion upon almost identically the same statute. They say: "But it has never been the understanding of this court, and is not now, that the statute quoted was intended to affect anything more than the respective rights of the purchaser and the judgment debtor during the period of redemption; and certainly the purchaser, under the statute, and under all authority, could obtain no more than the interest of the judgment debtor in the property purchased; and under the facts proven in this case, the Freemont Milling Company had no interest either in the possession or in the lease, for it had been assigned to the intervener long prior to the execution sale. There was no lien upon this property at the time of the assignment, and there was nothing to prevent the owners from alienating it, or alienating any interest not subject to the lien of the mortgage."

The Washington court seems to make a distinction between a purchaser at a mortgage sale and one at a judicial sale, and they lay emphasis upon the fact that the purchaser obtains nothing more than the interest of the judgment debtor. It is quite evident that their statute upon this phase of the question differs from our § 5038, Rev. Codes 1905, which places judgments on the same plane with deeds, and gives to the purchaser not only the real interest of the judgment debtor, but the interest which is apparent upon the face of the record.

Besides, we do not think there is any difference under our statute between the rights of a purchaser at a mortgage foreclosure sale and one at a judicial sale. If Mrs. Brown could assign the rents as against Patrick & Company, could she not have assigned the same against the mortgagee, Hilliard, and thus have prevented him from collecting the same after the sale upon his mortgage, July 1, 1911? We are satisfied that the Washington court is mistaken in this fundamental principle, to wit, that the present owner of a tract of land can assign the rents to accrue in the future so as to be binding upon a future purchaser without reservation, and who has no knowledge of the assignment.

During this time Hilliard had a first mortgage upon the premises which he elected to foreclose, and the sale was made July 1, 1911, some six months after the execution sale to Patrick & Company. He had lost his rights to the rents under the assignment from Annis Brown, and

he had not acquired any rights under his foreclosure until the date of the sale. We thus conclude that during those six months plaintiff was entitled to collect the rents from the tenants in possession, and in this respect the finding of the trial court is erroneous and is reversed.

(2) Upon the sale to Hilliard under his mortgage foreclosure, he in turn became the purchaser in the contemplation of § 7148, Rev. Codes 1905, and in turn was entitled to receive the rents and profits from the tenants in possession as against Mrs. Brown and her successors in interest, Patrick & Company, subject only to the right of redemptioners to call upon him to account for the same in case they should redeem from his sale. As no redemption was made, it follows that he was entitled absolutely to the said rents on and after July 1, 1911. In this respect the finding of the trial court is correct and is accordingly affirmed.

In view of the disposition of this case as aforesaid, we deem it proper that neither party recover costs upon this appeal. The judgment of the trial court will be modified to meet the views expressed in this opinion.