Nicholson, C. J.,
delivered tbe opinion of the Court.
On tbe 23d of April, 1869, judgment was rendered in this Court, in favor of defendant in error against plaintiff in error, for three hundred and *504 fifty-seven dollars and thirty-seven cents. Plaintiff in error filed Ms petition to have said judgment set aside and vacated, upon the ground that before the judgment was rendered, be bad been decreed to be a bankrupt, and was discharged from all bis debts. He files, with bis petition, a certified copy of bis certificate of final discharge as a bankrupt, from which it appears that be was discharged by a decree of the District Court of the United States from all his debts which existed on the 30th of December, 1868.
The petition states, that the cause was taken up in the Supreme Court, out of its order, and judgment rendered without his knowledge, and that the same was rendered by the court in ignorance of his bankruptcy — the same, from oversight or by mistake, not having been suggested.
The prayer of the petition is, that the judgment may be suspended, and all further steps towards its enforcement be suspended. And further, that petitioner be now allowed to rely upon his plea of bankruptcy, etc.
Assuming the facts to be correctly stated in the petition, it is manifest, that the judgment rendered against petitioner, at the April Term, 1869, of this court, is null and void, But as far as the record in the case shows, it is a regular and valid judgment. Ve can discover no error appearing on its face,, from which we can infer that it was rendered by inadvertence, omission or oversight,[1] *505 nor does petitioner point out snob error. Relief cannot be given, therefore, under sections 4502 or 2878 of the Code.
The fact on which the invalidity of the judgment rests, was in existence when the judgment was rendered, but by oversight or negligence, it was not brought to the attention of the Court. "We have lost all jurisdiction of the cause, unless it can be shown, that in the exercise of our appellate jurisdiction we can give the relief prayed for.
In the legitimate exercise of our appellate jurisdiction, we can look only to the records, as they are sent to us from the inferior courts. If upon these we find errors, as a revising court we can correct them, and render judgment accordingly. Beyond this, and as a necessary incident to the jurisdiction, we have the power to adopt all the rules and orders necessary and proper for carrying out and enforcing our judgments: Scott v. Newman, 1 Heis., 787. But the petitioner calls on us to entertain a proposition which requires us to investigate facts, which were in existence when the judgment was rendered, and to determine whether or not those facts do not, show that there is error in the judgment. To accede to this application, necessarily involves the exercise of original jurisdiction, which is forbidden by the Constitution.
If we entertain the petition, we must, as a matter of course, give to the plaintiff in the judgment, a day in court, to controvert the facts stated *506 in the petition. This might result in issues of facts and of law, which would constitute a new law-suit. None but a court with original jurisdiction could try and determine this issue. We are, therefore, constrained to hold, that we have no jurisdiction to entertain the petition, and the same is dismissed.[1]

 The case of Longley v. Swayne, decided May 10,1871, holds, that “The bankruptcy of the plaintiff or defendant after the judgment or decree of an inferior court, cannot be made available in this Court by plea of that fact in abatement of the suit here, although the bankruptcy may have occurred, and the discharge may have been granted before the filing of the record for writ of error.”