CASE 99—EQUITY—NOVEMBER 20.

## Taliaferro, &c., v. J. P. Gay, &c.
## Parish, &c., v. Same.
## Southerland, &c., v. Same.

APPEAL FROM CLARK CIRCUIT COURT.

1. Substantially the legal title to mortgaged premises, both at law and in equity, is in the mortgagor during the life of the mortgage. His right to use and occupy the mortgaged premises carries with it the right to the proceeds of such use until he is divested of the title, or the rents be subjected in the manner indicated by section 299 of the Code of Practice.

2. Ordinarily the purchaser of real estate sold at decretal sale to satisfy a mortgage debt is entitled to rents from the date of the execution and delivery of the commissioner's deed; but in this case the purchaser, being in possession under a former purchase at a sale not confirmed, is entitled to the rents from the date of the confirmation of the last report of sale.

3. A plea of discharge in bankruptcy must first make its appearance in the court whence the appeal comes. This court has only appellate jurisdiction.

BECKNER & NELSON FOR TALIAFERRO & CO.

1. The parties, by their own act, converted the debt of L. W. Gay as guardian into his individual debt.

2. The first sale being void, the attaching creditors of the mortgagor are entitled to the proceeds of the rent note, although made payable to the guardian for whose wards the property was purchased.

Taliaferro, &c., v. J. P. Gay, &c.

3. John H. Goff, guardian, has no right of set-off by reason of holding the note confessedly made payable to him by mistake.
4. Appellants having been led to sue out - the attachment by reason of Goff s assertion that his debt had been paid, he is now estopped to deny that fact.

C. & T. M. EGINTON FOR OTHER APPELLANTS.

1. The rent due by Tracy belongs to J. P. Gay, and is subject to appellants' attachments
2. If the children of J. P. Gay have any claim against their father, it is subsequent to that of appellants.
3. The claim of J. P. Gay's children is not valid. The judgment decreeing Gay curtesy in his wife's landed estate was proper, and the subsequent order setting that aside was procured for a fraudulent purpose. (14 B. M., 393; 12 B. M., 391; 13 B. M., 451.)

JOHN B. HUSTON & JAMES FLANAGAN FOR APPELLEES.

1. J. P. Gay had no interest in the land after the foreclosure of the mortgage, and never claimed it nor used it, hence the attaching creditors in this case cannot subject the proceeds of the rent note.
2. The guardian having a debt against J. P. Gay, which existed before the institution of appellants' actions, and holding the note for the rent, has a right to its proceeds superior to that of appellants.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

John H. Goff, guardian, loaned $17,000 of his wards' money to J. P. Gay, and took a mortgage, to secure the payment thereof, on a certain tract of land. In the fall of 1874 the guardian brought suit and obtained a decree to sell the land to pay the debt, and having sold it and taken possession, he rented it to B. A. and J. T. Tracy for the year 1875, for the sum of $1,485, and took the note, payable to himself as guardian, and due January, 1876. The special commissioner directed to make the sale, having failed to execute bond, did not report this sale; but in September, 1875, the land was again sold for the amount of the debt, and purchased for the wards of appellee. This sale was reported and confirmed. Certain creditors of J. P. Gay

attached the money due by the Tracys for the rent, claiming
that as the rent, in the larger part, had accrued before J. P.
Gay was divested of title, it is subject to his debts. The
court below held that no portion of the rent could be sub-
jected, and the correctness of that ruling will be first con-
sidered.

It was held by this court in Douglas v. Cline (13 Bush)
and in Woolley v. Holt (14 Bush) that rents are not an inci-
dent to a mortgage of realty, and can be subjected by the
mortgagee only by virtue of contract, or, in certain cases, in
the method pointed out in the Civil Code, section 299.   In
this case the mortgagee did not secure the rents by contract
or attempt, by proceedings under the Code, to subject them.
In the case of Castleman v. Belt (2 B. M., 160) the pur-
chaser under decree of sale of the mortgaged property,
where the rent fell due after his purchase, was adjudged to be
entitled to the rents only from the date of the conveyance
made to him by the commissioner—that being the time when
he was entitled to demand possession of the tenant.   Sub-
stantially under the adjudications in this state the legal title
to the mortgaged premises, both at law and in equity,
remains in the mortgagor during the life of the mortgage,
and his right to use and occupy the mortgaged premises
of necessity carries with it the right to the proceeds of such
use until the title is divested or the rents and profits sub-
jected in the manner and under the circumstances indicated
in the section of the Civil Code referred to.   It ought not to
alter the case that the mortgagee before sale undertook,
without right, to control and rent the property.   If the rent
goes with the legal title, and the right to possession begins
and ceases with it, the location of the legal title and the
right of possession at any given time determines the right

to the rents and not the unauthorized assumption of control of the property by the mortgagee.

In Jones on Mortgages, section 772, it is said that a mortgagee has no specific lien upon the rents and profits of the mortgaged land, unless he has in the mortgage stipulated for a specific pledge of them as part of his security, and that when a mortgagee has taken a lease of the mortgaged premises from the mortgagor, upon a subsequent sale of the equity of redemption, he cannot apply the rents as against the purchaser in set-off upon the mortgage debt. In section 1659 it is said that rents accruing between the day of sale and the delivery of the deed belong to the owner of the equity of redemption, and not to the purchaser, as they go with the possession or the right of possession, and generally the purchaser is not entitled to possession, or to the rents, until he has made a demand for possession under his deed.

We are of the opinion that the attaching creditors of J. P. Gay are entitled to the rent that had accrued up to the date of the confirmation of the report of the last sale in September, 1875, as at that time appellee, as guardian, assumed to occupy and control the property as the property of his wards; and it is upon this ground alone that the rents are given to the guardian from the date of confirmation of the report of sale, instead of from the execution and delivery of the deed, the legal title and the possession being united in the guardian at the date of the confirmation of the report of sale.

Appellants are not entitled to subject the $2,200 nor the $1,500 claimed to be due from the administrator of L. W. Gay to J. P. Gay. The subsequent judgment of the court which adjudged that J. P. Gay was never entitled to the $2,200, operates to cancel the supposed debt of $2,200 to

J. P. Gay, although it had, if valid, become a debt owing by the estate of L. W. Gay. L. W. Gay's administrator could, in equity, as well rely upon the fact that there never in fact had been any indebtedness on the part of the wards. as they could themselves. At most, there was only the appearance of a debt from the wards and from L. W. Gay to J. P. Gay. As to the $1,500 allowed J. P. Gay for caring for the wards, the weight of the evidence is to the effect that L. W. Gay's estate does not owe it. One witness testifies that J. P. Gay told him, at the time of the settlement, that it had not been paid, and that the receipt was. executed to please L. W. Gay, the guardian, who was anxious to have his accounts settled with the court. This is denied by J. P. Gay, and the denial is fortified by the receipt executed to L. W. Gay by J. P. Gay.

Appellee Goff, as guardian, will not be permitted to set-off the judgment against J. P. Gay for $2,200 against the rent claim—first, because the debt garnisheed is due from the Tracys and not from the guardian; and second, because it appears that, as the $2,200 for which judgment was rendered in favor of the wards had not in fact been paid by their guardian to J. P. Gay, there was in equity no claim against J. P. Gay.

The plea of J. P. Gay of discharge in bankruptcy cannot avail in this court. We cannot try the issue as to the effect of the discharge on this particular claim, or enter into the inquiry as to whether there has been a subsequent promise to pay. That plea must first make its appearance in the court from which the appeal comes.

Sections 757 and 758 of the Civil Code are confined, in their application, to cases where the appeal is improperly granted, or the appellant's right to prosecute it further has

ceased. Under the constitution this court has appellate jurisdiction only. We must pass upon the rights of the parties to the record by review of the action of the court below as presented in the record. We cannot institute an original inquiry, and determine, by an original judgment, the legal consequences of the discharge in bankruptcy. (Parks v. Doty, 13 Bush, 730; Shropshire v. Shropshire, 14 B. M., 281; 4 Heisk., 503, Riggs v. White; 4 Heisk., 506, Longley v. Swayne; 38 N. Y., 253, Cornell v. Dakin.)

Judgment reversed, and cause remanded, with directions for further proceedings consistent with this opinion.