Wilson, &c., v. Ewing, &c.

---

CASE 115—EQUITY—NOVEMBER 10, 1881.

# Wilson, &c., v. Ewing, &c.

### APPEAL FROM BATH CIRCUIT COURT.

1. A widow is entitled to one third of the rents and profits of her husband's dowable real estate from his death until dower is assigned, notwithstanding the existence of a vendor's lien.

2. The lien of a vendor is upon the land alone, and does not extend to the rents and profits.

R. GUDGELL & SON FOR APPELLANTS.

The existence of the vendor's lien did not affect the widow's right to one third of the rents and profits of her deceased husband's real estate prior to the assignment of dower. (Gen. Stat., sec. 8, art. 5, chap. 52.)

V. B. YOUNG AND J. S. HURT FOR APPELLEES.

The widow is entitled to one third of the rents and profits of only so much of the land as remains after satisfying the vendor's lien. (4 Bush, 147.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

R. W. Mark having died the owner in fee-simple of a tract of land on which he owed a part of the purchase-money, suit was instituted to enforce the lien therefor, and to sell the land to pay his general creditors, his personal estate being insufficient for that purpose.

Pending these proceedings, the land was rented for the years 1873 and 1875 by the court's commissioner and receiver, and the widow of Mark occupied and received the rent for the year 1874.

It took thirty-three acres of the land to pay the vendor's lien, and the court assigned dower to the widow in the remaining thirty-eight acres, one rood, and twenty-nine poles, and adjudged that she was entitled to one third of the rents produced by the last named quantity from her husband's death until she was assigned dower in it, but decreed the distribution between appellees, who are creditors of decedent, of the whole of the rents accruing from the thirty-three acres after his death, and before it was sold to pay the purchase-money, or her dower was assigned.

From that judgment she has appealed.

The amount of rent collected by her was one third of the total rents issuing out of said land for the three years named, and she should not have been required to pay any of it to her husband's creditors, as it was the exact amount she was entitled to by law out of said rents.

Section 8 of article 4, chapter 52, General Statutes, provides, that—

"The wife shall be entitled to one third of the rents and profits of her husband's dowable real estate from his death until dower is assigned."

It is true this court held, in the case of Harrison v. Griffith, &c., 4 Bush, 147, that a widow is not entitled to dower as against a vendor's lien for purchase-money, but the question of her right to rent before the enforcement of the lien was not presented or decided in that case, and it is not authority on the question involved here. The lien for the purchase-money was upon *the land*, and not upon the rents and profits, as was held by this court in the case of Collins, &c., v. Richart, &c., 14 Bush, where a lien of this character was considered.

As the rents could not be subjected to the payment of the lien, we cannot see how the existence of the lien affects the right of the widow to the rents of her husband's dowable real estate from his death to the assignment of dower to her.

The lien for the purchase-money did not destroy, but was superior to, her right of dower.

Had the lien been paid off, no question of her right to dower in the whole tract could have been raised, and the mere existence of the lien, which does not increase, diminish, or embrace the rents, cannot deprive her of the right to one third thereof, which the statute provides she shall be entitled to for the period these were collected and accrued.

No right of substitution by appellees to the rents exists through the lien-holder, as he has no more right to the rents than any general creditor of the husband, and therefore the rents should be disposed of as if the lien had never existed.

If the land was dowable real estate, her right to one third of all the rents named is unquestionable, and section 2 of the same article quoted settles this question in her favor by declaring that she shall be endowed of the real estate of which he was seized of an estate in fee-simple at any time during the coverture.

He was seized of the land during coverture, and the tenure of his estate therein was in fee-simple, and the land was therefore dowable real estate in the sense those terms are used in section eight above quoted.

Wherefore, the judgment is reversed, and cause remanded for judgment consistent with this opinion.