## S. ELLIOTT'S ADMR. *v.* S. H. BUSH ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—466.]

**Administrator Collecting Rent.**

> While an administrator may not be authorized to collect rent on real estate of the intestate, and hence his bondsmen will not be liable on account thereof, if he does collect the rent he is liable for it. Rents so collected do not belong to a purchaser at administrator's sale. His right to collect the rent begins only when the sale is confirmed.

### APPEAL FROM HARDIN CIRCUIT COURT.

December 1, 1881.

OPINION BY JUDGE PRYOR:

The appellees were not entitled to the rents collected by the administrator or that fell due prior to the confirmation of the sale. The administrator may have had no right to rent the real estate in that capacity, but his response to the rule states that he was also guardian for the infant in whom was vested the legal title. Suppose, however, he had no legal power to rent; still, if he did so and it was necessary that this part of the estate should be applied to the payment of debts, the appellant would be liable for the rent collected and could be required to pay it to creditors under the order of the chancellor. His sureties may not be liable on his bond; yet he can not escape liability. He held this rent either for creditors or the heir at law, more properly for the heir at law. The purchasers obtained the possession after the confirmation, and while their title related back to the purchase from the act of confirmation it did not vest them with the possession or the right of possession prior to that time. We do not say that the chancellor for extraordinary reasons, such as to secure the safety of the property, could not

place the purchaser at once in possession; but this was not done and ought not to be done except in a prescribed state of case. Then the purchaser would hold same in the capacity of a receiver, rather than as purchaser, up to the date of confirmation.

Judgment *reversed* and cause remanded.

*Wilson & Hobson,* for appellant.

*S. H. Bush,* for appellees.

[Cited, *German Bank v. Louisville,* 108 Ky. 377, 2 Ky. L. 9, 56 S. W. 504; *Norris v. Williams,* 23 Ky. L. 1497, 65 S. W. 439; *Vance v. Vance's Admr.,* 116 Ky. 520, 25 Ky. L. 741, 76 S. W. 370.]