JOHN C. BROWN v. GEO. M. BERKLEY.

[Abstract Kentucky Law Reporter, Vol. 3—469, as Brown v. Berkeley.]

**Possession Under Judicial Sales.**

A purchaser of real estate at a judicial sale buys with the knowledge that such sale is subject to the confirmation of the chancellor, and he is not entitled to collect the rents on said real estate until the sale is confirmed and possession delivered to him.

APPEAL FROM JESSAMINE CIRCUIT COURT.

December 3, 1881.

OPINION BY JUDGE LEWIS:

Appellant brought this action to recover of appellee the rent of a tract of land from the date of his purchase of it at a commissioner's sale to the time he got possession under order of court.

It is stated in the petition that the sale was made on the 21st of April, 1879, under a judgment rendered in the action of *Parris v. Berkley;* that appellant gave bonds bearing interest from the date of sale for the price bid by him, which was more than two-thirds of the appraised value of the land; that at the August term next after the sale it was approved and confirmed by the court; and that appellee continuously used and occupied the land from the day of sale to November 1, 1879. A demurrer to the petition was sustained, and an amended petition was offered, but the court sustained the objection and refused to permit it to be filed, and rendered judgment for the defendant in the action.

In addition to the allegations of the original petition it is stated in the amended petition that at the time of the sale appellee was living upon and occupying the land; that contrary to appellant's expressed wishes and against his rights as purchaser he continued to occupy and use it until September 21, and that at the August term of the court a writ of possession was awarded to issue and to take effect on September 21, and was placed in the hands of the sheriff, who made return that upon being notified appellee voluntarily surrendered the possession of the land September 21.

In the case of *Castleman v Belt,* 2 B. Mon. (Ky.) 157, it was held that a purchaser of an equity of redemption does not by such purchase acquire a right to rent for any occupancy prior to the date of the conveyance to him as absolute purchaser; that from the date of the conveyance to that of surrender of the premises the law implies a promise by the occupant to pay rent to him. In the later case of *Taliaferro v. Gay,* 78 Ky. 496, this court used the following language: "If the rent goes with the legal title, and the right to possession begins and ceases with it, the location of the legal title and the right of possession at any given time determines the right to the rents."

As the purchaser at judicial sales buys with the knowledge that such sales are subject to the confirmation and approval of the chancellor, and that the time when the conveyance shall be made and possession delivered to him is left by law to the sound discretion of

the chancellor, he is not prejudiced by the rule established by this court in the two cases cited.

In this case it does not appear that a conveyance was made to appellant at the August term, 1879; and as he had neither the legal title nor right of possession while the land was occupied by appellee, he was not entitled to the rents sued for.

Therefore the judgment is *affirmed.*

*Geo. R. Pryor,* for appellant.

*J. S. Bronaugh, Ben P. Campbell,* for appellee.

[Cited, *German Bank v. Louisville,* 108 Ky. 377, 22 Ky. L. 9, 56 S. W. 504; *Norris v. Williams,* 23 Ky. L. 1497, 65 S. W. 439.]