' CASE 86—ACTION TO SETTLE ESTATE—JAN. 13.

# Mayfield, Etc. v. Wright, Trustee.

### APPEAL FROM WARREN CIRCUIT COURT.

1. MORTGAGES—RENTS.—A mortgagee is not entitled to rents of the mortgaged premises in the absence of a covenant in the mortgage covering them, unless he pursue the method prescribed by section 299 of the Civil Code. As the condition of the mortgage had not been broken at the time the appellee filed his cross-petition in this action he acquired no right to the rents, although a receiver was appointed at the instance of creditors.

2. RECORDS.—An allegation in a pleading filed a year and a half after the receiver had been appointed that he had been appointed upon the application of the mortgagee is not sufficient to show the fact—the record at the time it was made not so declaring.

LEWIS McQUOWN FOR APPELLANT MAYFIELD.

1. The widow is entitled to one-third of the rents and profits of the dowable real estate, until the dower is assigned and this claim is superior to the lien-holders' rights. Wilson v. Ewing, 79 Ky., 551; Ky. Stats., sec. 2138.

2. The mortgagee has no lien upon or right to the rents, unless pledged by the mortgage. Douglass v. Cline, 12 Bush, 608; Woolley v. Holt, 14 Bush, 788; Collins v. Richart, 14 Bush, 621.

3. In the absence of a specific pledge, the rents may be subjected as provided by section 299 Civil Code. Taliaferro v. Gay, 78 Ky., 496; Woolley v. Holt, 14 Bush, 788.

4. But it is a matter of discretion with the chancellor whether he will so subject the rents. When either legal or equitable rights have intervened, he will refuse his aid. Douglass v. Cline, 12 Bush, 608; Woolley v. Holt, 14 Bush, 788; Wilson v. Ewing, 79 Ky., 551.

JOHN M. GALLOWAY FOR APPELANTS JOHN W. MOREHEAD, ET. AL.

The appellee did not bring himself within the provisions of sec. 299 of the Civil Code, so as to entitle him to the rents of the mortgaged property. Civil Code, sec. 299; Collins v. Richart, 14 Bush, 223; Wilson v. Ewing, 79 Ky., 549; Smith on Receivers, sec. 17, p. 48, note 2 and cases cited; Van Rosen v. San Francisco, 58 Cal., 358.

Mayfield, &c., v. Wright, Trustee.

T. L. EDELEN for appellee.

1. The widow and heirs of J. S. Morehead being bound on the covenant of general warranty, the widow by executing the covenant herself and heirs by the receipt of assets, if any are received, will not be heard in a court of equity to claim any part of an estate as against the party to whom the covenant was executed.

2. The Civil Code, sec. 299, the decisions of this court, Collins v. Richart, 14 Bush, 621; Newport & Cincinnati Bridge Co. v. Douglass, Trustee, 12 Bush, 673, have settled conclusively that a mortgagee of property probably insufficient to pay the mortgage debt is entitled to sequestrate the rents for that purpose.

3. The amended answer of Wright and the response to same settle conclusively the point that this property was put in the hands of a receiver at the instance of the mortgagee.

4. The appointment of a receiver is in the discretion of the court (Harmon v. Kentucky Coal and Iron Development Co., 15 Ky. Law Rep., 12), and will not be set aside, unless there was an abuse of discretion.

5. There was no appeal from the order appointing a receiver, although the parties must have known that the application for a receiver was for the purpose of sequestrating the rents and profits.

JUDGE DuRELLE delivered the opinion of the court.

In December, 1895, the appellant, Mary A. Mayfield (then Morehead), as administratrix of the estate of J. S. Morehead, her husband, and as his widow, filed a suit for a settlement and distribution of his estate, making parties defendant the heirs at law and creditors—among the creditors being appellee, Wright, trustee, as holder of bonds and coupons for $10,000, secured by mortgage on certain of the realty belonging to the estate, including the home place.

Appellee, Wright, on January 17, 1896, filed an answer and cross petition setting up his mortgage and bonds, which were not due, and the second gale of interest which would not be due until January 28, 1896.

In the answer and cross petition the trustee averred that he believed that the mortgaged property was probably

insufficient to pay his debt, unless the rents and profits could be applied to the payment.

A receiver was appointed for the real estate on February 8, 1896, the order reciting that it was made upon the motion of the defendants, the Warren Deposit Bank, and others. The home place rented during the pendency of the litigation for $1,500, which was adjudged to Wright, as the sale of the property did not realize enough, after payment of a vendor's lien thereon, to discharge the mortgage debt. It is over this sum that the question upon this appeal arises, it being claimed that it should have gone to the widow and heirs of Morehead.

By stipulation it appears that Morehead was at the time of his death the owner of the land in fee, and that no allotment of dower had ever been made to the widow. It was, therefore, dowable real estate, and the widow would therefore be entitled to one-third of the rents and profits thereof from his death until dower should be assigned (section 2138, Kentucky Statutes), and the heirs at law to the remaining two-thirds of the rent, unless this right was divested and defeated by the fact of the receivership.

It seems well settled in this State that the right which formerly existed in the mortgagee to take the rents and profits resulted from, and was dependent upon, his right to oust the mortgagor from the possession. That right does not now exist. Collins v. Richart, 14 Bush, ·621.

The mortgagor has the right to remain in possession of the mortgaged property until divested thereof by a sale. His rights in regard to the property are exactly the same as those of the vendee of property upon which a vendor's lien is retained, unless—First, he has by express stipulation of the mortgage granted a lien upon the rents and

profits; or, second, unless the mortgagee has availed him-
self of the statutory right given by section 299 of the
Code to have a receiver appointed for his benefit, by
taking the steps required by the statute to that end.
Woolley v. Holt, 14 Bush, 788; Taliaferro v. Gay, 78 Ky.,
496.

In the former case it was held that the rents can be
claimed by the mortgagee only by virtue of his contract
with the mortgagor; that they are not an incident to a
mortgage pledging the property, and making no reference
to the rents.

Except for the provisions of section 299 of the Code,
a mortgagor stands in exactly the same position as does
the vendee of land subject to a vendor's lien. See Wilson
v. Ewing, 79 Ky., 550.

As for the claim by appellee that the wife's joinder with
her husband in the mortgage and covenant of general war-
ranty estops her from setting up her claim to one-third
of the rent, it may be said that by joining in the mortgage
she gave up no rights given her by the statute in the dow-
able lands of her husband, except in so far as those rights
were affected by the contract right thereby secured to the
mortgagee to enforce his mortgage lien, and have a sale
of the land free of her dower, and his statutory right by
proper proceedings under section 299 of the Code to apply
the rents and profits to the payment of the debt.

Unless such proceedings were taken, her right to her
share of the rents was unimpaired upon her husband's
death, as his right, had he lived, would have been to rent
the land, to dispose of the rents, or to pledge the rents
thereafter to become due until a sale should be had.

The only question, therefore, is whether the rents were

sequestered for the benefit of the mortgagee, under section 299 of the Code.

When the cross petition was filed, the application for the appointment of a receiver did not justify the appointment under the Code provision. The petition and exhibits show that no part of the debt was due. The condition of the mortgage was therefore not broken.

The section provides that "in an action by a mortgagee for a sale of the mortgaged property, a receiver may be . appointed, if it appear that the property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt."

Admitting that the averment of the cross petition was explicit enough to show that the property was probably insufficient to discharge the debt, neither of the other grounds, one of which is by the section made essential, is shown by the averments.

The order appointing the receiver does not show that it was upon the application of the mortgagee, but, on the contrary, tends to show the reverse; nor does it specify the purpose for which the property was to be rented out, nor who should be entitled to the rents. These questions are left open by the order.

It is true that in a few weeks after the filing of the cross petition some $300 of interest coupons became due, but it seems manifest that, even if the averments of the pleading had been of the existence of that fact, such averments would not be sustained by the subsequent occurrence.

It is also true that in a pleading filed a year and a half later the trustee alleged that the appointment of a re-

ceiver was made upon his application. We do not think that a record can be altered in this manner. The record must itself show what was done, either by direct statement, or by reasonable presumption from what it does show.

As the application was insufficient under section 299 of the Code, we can not presume that the receiver was appointed upon that application under that section, but must presume that the receiver was not a receiver for the benefit of the trustee, but was the court's receiver to take charge of the property and collect the rents for the benefit of such parties as should be thereafter adjudged to be entitled thereto. This being so, it follows that there was no sequestration of the rents for the benefit of the trustee, and that at the date of the judgment they should have been divided between the widow and the heirs at law.

In response to a suggestion of counsel, it may be said that there would seem to be no difficulty, by proper proceedings, in subjecting that part of the rents which goes to the heirs at law to the payment *pro rata* of the debts of the estate.

For the reasons given, the judgment is reversed, with directions to set aside the judgment and enter a judgment in conformity herewith.