CASE 53—ACTION BY S. B. VANCE'S ADMR. FOR A SETTLEMENT OF HIS ESTATE, IN WHICH NANNIE D. VANCE AND OTHERS INTERVENE, CLAIMING RENT OF CERTAIN REAL ESTATE.—OCT. 22.

# Vance, &c. v. Vance's Admr. &c.

### APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR THE ADMINISTRATOR AND THE INTERVENORS APPEAL. RE-VERSED.

EXECUTORS AND ADMINISTRATORS—REAL ESTATE—LEASE BY ADMINIS-TRATOR—ACCRUING RENTS—RIGHTS OF HEIRS.

Held: Rent accruing after intestate's death under a lease of his real estate by the administrator, under order of court to raise funds necessary to pay debts, belongs to the heirs and not to the administrator, though the administrator could have sold the land to pay the debts.

CLAY. & CLAY, ATTORNEYS FOR APPELLANTS.

### QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. Upon the death of S. B. Vance, the title to his real estate and the right to possession thereof passed immediately to his heirs and they are entitled to the rents, issues and profits thereof until the sale of the land at the instance of creditors is confirmed. Ball v. First Nat. Bank of Covington, 80 Ky., 502.

2. The lower court had no right to appoint a receiver to take charge of the lands and collect the rents in the absence of evidence showing the estate was insolvent, and in addition thereto that the heirs were committing waste or improperly looking after the lands. Civil Code, sec. 298; Civil Code, sec. 299; Collins v. Richart, 14 Bush, 621; Hounshell v. Fire Ins. Co., 81 Ky., 304.

3. If the court had a right to appoint a receiver that does not

estop the heirs from claiming the rents collected by and in the hands of the receiver so appointed.   Hounshell v. Fire Ins. Co., 81 Ky., 304.

4. The court had no. right to direct the administrator to rent ·out the real estate or collect the rents.

5. The administrator having taken charge under such order was nothing more than a receiver and stood in no better attitude; and as possession by the receiver is possession for the rightful owner, so possession, by the administrator was possession for the heirs.

6. The fact that the Ohio Valley Banking & Trust Company was in possession of the land in this case as receiver, as administrator or in any other capacity whatsoever, does not affect the right of the heirs to the rents.   Taliaferro v. Gay, 78 Ky., 498; Ball v. First Nat. Bank of Covington, 80 Ky., 502.

7. The heirs are not responsible to the administrator for commissions on rents collected by it.

YEAMAN & YEAMAN, for appellees.

The heirs were not "entitled to the possession."   The land was in the hands of the court, under the control of the court, to rent or sell.   The court, for good reasons, rented it instead of selling it.   The proceeds of the renting stand as much for the payment of the debts of the ancestor as would the proceeds of the sale, as, indeed, it since has been paying not more than fifty cents on the dollar of the ancestor's debts.

The case cited is an authority for the proposition that as long as the heirs are entitled to the possession of the land they are entitled to the rents, issues and profits, but when they are ·rightfully out of possession and the possession is in the court to deal with as the interest of all parties may require, the case is different.   Ball v. First Nat. Bank of Covington, 80 Ky., 502.

Opinion of the court by JUDGE HOBSON—Reversing.

S. B. Vance died July 15, 1901, and on August 16th this suit was filed by his administrator to settle his estate.   It was alleged in the petition that the decedent owned at his death several tracts of land, that the personalty was insufficient for the payment of his debts, and that a sale of the real estate would be necessary.   A settlement of the estate was prayed, and a sale of so much of the real estate as might be necessary to pay the debts.   In this condition of the record, on September 14th on motion of plaintiff, the adminis-·

trator, it was ordered that the plaintiff rent out the real
estate of the decedent on Wabash Island for the ensuing year
on the best terms obtainable, taking bond, subject to the
further orders of the court. The land was rented by the ad-
ministrator under the order for the year 1902 for the sum
of $1,634.15. Thereafter the heirs at law of the decedent
filed in the action their petition claiming the rent, and, the
court having adjudged against them and dismissed their
petition, they have appealed.

It was agreed on the hearing that the assets of the estate,
including the rent in question, will not be sufficient to satisfy
the debts of the decedent. It is insisted for the appellees
that the land was under the control of the court, and that
for good reasons it was ordered to be rented out, instead of
being sold, and that the proceeds of the rent stand as much
for the payment of the debts of the ancestor as would the
proceeds of the sale. This seems to have been the view of the
circuit court. In Collins v. Richart, 77 Ky., 621, it was held
that a vendor of land, who had retained a lien on it for the
purchase money, but not on the rents, is not entitled to have
the lands put in the hands of a receiver, and thus secure a
lien on the rents. The same rule was applied to a mort-
gage. Newport & Cincinnati Bridge Co. v. Douglass, 75 Ky.,
705; Douglass v. Cline, Id., 621. In Taliaferro v, Gay, 78
Ky., 496, these cases were approved, and it was held that
the rents accruing before the confirmation of the sale be-
longed to the owner of the land, and were subject to attach-
ment by his general creditors. In Ball v. First National
Bank, 80 Ky., 501, 4 R., 400, the testator died insolvent,
and the suit was filed to settle his estate. The real estate
had been rented by the testator to tenants who paid the rents
monthly, and the controversy arose between the heirs and the
creditors of the testator as to the title to the rents. It was

held that rents accruing before the death of the testator vested in the executor as assets, but that the rents accruing after the death of the testator, and before the confirmation of the sale, belonged to the heirs. The court said: "If the property descended is being wasted, or about to be sold, so as to defeat or delay the creditors of the ancestor, there is ample remedy to prevent either, and preserve the property for the satisfaction of his debts; and the remedy afforded by law on this alternative state of facts is an additional reason for allowing the heirs to take the rents so long as he holds the title and is entitled to the possession. It is insisted by counsel for the creditors, that, as the chancellor has jurisdiction for the settlement of the estate, he should maintain it for all purposes, and therefore subject the rents accruing after the death of the ancestor, to prevent a multiplicity of suits against the heirs for their aliquot parts. This argument is founded on a premise which does not exist, but is erroneously assumed, as no action could be maintained for rents thus accruing, and the chancellor has no incidental jurisdiction over the rents, because they are neither legal nor equitable assets of the estate." In Elliott's Adm'r v. Bush, 3 Ky. Law Rep., 466, which was also a suit to settle an insolvent estate, during the progress of the suit the administrator, who was likewise guardian for the infant children, rented out the land and collected the rents. It was held that the heirs were entitled to the rents up to the confirmation of the sale. And in Mayfield v. Wright, 107 Ky., 530, 21 R., 1255, 54 S. W., 864, which was a similar suit, the court placed the land in the hands of a receiver, and it was rented out. The widow and children were held entitled to the rents. These cases are conclusive of the one before us. The land at the death of the decedent descended to his heirs. Being the owners of it, they were entitled to the rents

until their title was divested. The creditors of the decedent, as held in the cases cited, may subject the land to their debts; but they have no lien on the rents, and the right of the heir to the rents of the property descended as long as he remains the owner is recognized by the statutory provisions. The rents are neither legal nor equitable assets of the estate.

Judgment reversed, and cause remanded for a judgment in conformity herewith.