## COMPLICATIONS ARISING ON DISTRIBUTION.

Common Pleas Court of Hamilton County.

THE CITY OF CINCINNATI V. WILLIAM FOGARTY ET AL.

Decided, October 15, 1913.

*Mortgage—All Rights Under, Pass to Successors in Title—Ejection—Statute of Limitations—Jurisdiction in Condemnation by the State—Rights Under the Common Law, in Equity and as Provided by General Statute.*

1. All the original rights between mortgagor and mortgagee, in the absence of a stipulation to the contrary, pass to their successors in title, whether the transfer be by deed or not, among which rights is the right to eject on condition broken.
2. The right to thus eject is barred in twenty-one years.
3. An order of a court, or its finding—not a judgment—is a specialty, and is barred in fifteen years.
4. Whenever a court, in an action by the state to condemn, acquires jurisdiction of the person and the subject-matter, that jurisdiction obtains to the exclusion of other courts, both between the state and the parties, and also between the parties.
5. After the state by this power has acquired property, the money paid is a fund subject to all the rights of all the parties, just the same as if the state had never intervened.
6. Courts will not permit a law general in its nature to deprive one of any of his rights, legal, equitable, or statute, unless such general law expressly says so.

*John E. Fitzpatrick* and *Gideon C. Wilson*, for Emil Homberg, cited and commented on the following authorities:

Cyc. Vol. 8, page 315; Sheldon v. Newton, 3 Ohio St., 494; Hammond v. Davenport, 16 Ohio St., 177, 181-2-3; R. R. Co. v. Village of Belle Centre, 48 Ohio St., 273; Gaw v. Glass Co.. 20 C. C., 416; Spoors v. Coen, 44 Ohio St. 497-502; Laughlin v. Vogelsong, 5 C. C., 407; Cyc. Vol. 24, page 73, and authorities there cited; Jashenosky v. Volrath, 59 Ohio St., 545; Boyd v. Longworth, 11 Ohio Rep., 236-253; Oviatt v. Brown, 14 Ohio Rep., 286-294; Tennessee Coal Co. v. Gardner, 131 Ala., 599; Vass v. Arington, 89 N. C., 10; Cale v. Shaw, 33 W. Va., 299; Hughes v. Swope, 88 Ky., 254; Duhadaway v. Driver, 86 S. W. Rep., 807; Cyc. Vol. 24, page 35; Hazlewood v. Chrisman, 62 S. W. Rep., 39-41; Mayer v. Wick, 15 Ohio St., 548-552; Lawrence v. Belger, 31 Ohio St., 175, 185; Beaumont v. Herrick, 24 Ohio St., 445; Moore, Admr., v. Odgen, 35 Ohio St., 430; Rankin v. Hammond, 37 Ohio St., 113 at 117; McGuinnis v. Caldwell, 76 S. E. Rep., 834; Cyc. Vol. 25, page 1301, and authorities cited; Cyc. Vol. 25, page 1304, and authorities cited; McEwing v. James, 36 Ohio St., 152; B. & O. and C. R. R. Co. v. Gibson, 41 Ohio St., 145; General Code, Section 11230; Cyc. Vol. 15, page 838, and authorities cited; Harrison v. Village of Sabina, 1 C. C. Rep., 49; Garvin v. The City of Columbus, 5 N. P. Rep., 236.

*Hunt, Bennett & Ulter*, for Julia McGill Walters, cited the following authorities:

General Code, Section 11268; General Code, Section 3690; General Code, Section 11924; General Code, Section 11588; General Code, Section 11402; 25 Cyc., 1290; 25 Cyc., 1319; 25 Cyc., 1305; 27 Cyc.; 1282; Jones on Evidence, Section 621 (638); Swink v. Thompson, 31 Mo., 336; Carter v. Jennings, 24 Ohio St., 183, 188; A. & E. Encyc. of Law, 2d Ed., 259; Sanford v. Bergen, 103 Pac., 333 (Cal.); Mason v. City, 163 Ill., 351-371; City of Louisville v. Kohnhorst, 76 S. W., 43 (Ky.); Buck v. Davis, 64 Ark., 345-348; Ins. Co. v. Bullene, 51 Kan., 764; Kerr v. Lydecker, 51 Ohio St., 240-254; Graham v. Simon, 76 Ohio St.; 77-82; Doyle v. West, 60 Ohio St., 438; Bradfield v. Hale, 67 Ohio St., 316; Ely v. McGuire, 2 Ohio, 223; Dater v. Bruener,

9 Bul., 220; Baird v. Ramsy, 2 C.C.(N.S.), 492; Lee v. Welch, 12 C. C., 670-674; B. & O. R. R. v. Gibson, 41 Ohio St., 145-146.

DICKSON, J.

On August 5, 1891, John McGill, to secure his note payable to the order of John Frankenberger, executed to him a mortgage in which were the usual words of defeasance contained in such instruments.

On August 12, 1891, John McGill, to secure his note payable to the order of William M. Ramsey, executed to him a mortgage on the same real estate. This Ramsey note and mortgage subsequently became the property of Ramsey, guardian.

This real estate by deed dated August 31st, 1892, became the property of Julia McGill (now Walters), the wife of John McGill.

On April 1, 1895, Ramsey, guardian, filed his action in the Superior Court of Cincinnati for a judgment and foreclosure.

On October 8, 1895, Louis Reemelin, having been made a party, filed his answer setting up that he had become the owner of the Frankenberger note and mortgage, and that the debt was past due; his mortgage had become absolute, had become the first lien and superior to that of Ramsey, guardian; and asked, that if the real estate be sold on the Ramsey petition, then that his mortgage lien be declared the first, and first satisfied out of the proceeds of such sale.

On July 6, 1897, a decree was entered. Among its recitals are, that a hearing was had on the petition of Ramsey, guardian, and the answer of Reemelin, and evidence; that the McGills and Frankenberger were in default; that the allegations were true; that the Ramsey mortgage was a valid lien; that the Frankenberger mortgage was valid and was a first lien and that it was then owned by Louis Reemelin; and the court ordered the real estate sold, unless the Ramsey lien be satisfied.

By virtue of this order, on the 19th day of October, 1897, the sheriff returned the real estate sold to Reemelin.

After this return of the sheriff all the parties neglected their rights in the Superior Court action for more than fifteen years.

On December 30, 1905, the city of Cincinnati in this court (common pleas), began an action to condemn the real estate described in the Frankenberger-Ramsey mortgages and named all the parties in the superior court parties here, and all were served and become parties except Reemelin.

On July 29, 1912, one Emil Homberg voluntarily entered this action in condemnation; and afterward, in an answer, set up his ownership of the Frankenberger-Reemelin mortgage, the amount due under this mortgage; and, in this answer, agreed that a verdict for a certain amount should be entered. On which verdict the city then became the owner of the real estate and paid the purchase price into this court.

On January 13, 1913, Julia McGill filed her answer setting up the statutes of limitation against all the claims of Homberg. This answer is negatived by Homberg.

After Julia McGill had set up here the statutes of limitation against these claims of Homberg, he went into the superior court action and there by virtue of certain steps taken by his initiative, that court, over the objection of Julia McGill duly made, found that Homberg was the owner of the Reemelin bid and also all of the Reemelin rights under the Frankenberger mortgage, and confirmed the sale and ordered a deed to Homberg. All of these proceedings in that court have been asserted here by Homberg, and here denied by Julia McGill.

On motion of Homberg, a balance of this purchase price is up for distribution.

Homberg claims this fund, as the owner of the Frankenberger debt, evidenced by the note; as the owner of the Frankenberger mortgage lien; and as the owner of those findings in the superior court which ended in the order for a deed to him.

Julia McGill and Emil Homberg are in the places of John McGill and John Frankenberger respectively, and they have thus assumed the relation of mortgagor and mortgagee with all of its rights and duties (27 Cyc., page 1282; *Boone on Mortgages*, Sec. 117). By the (now their) agreement in the mortgage (the defeasance clause upon condition broken), this relation as between them became that of absolutism. The Homberg interest

is as legal owner; the McGill is as equitable owner. *Wade* v. *Miller,* 32 N. J. L., 296; *Taliaferro* v. *Gay,* 78 Ky., 496.

Thus, after condition broken, Homberg had the right of ejectment. This right was in addition to his rights to sue upon the note and to foreclose the mortgage; and this right, too, would exist even though the debt be barred by the statutes of limitation and would exist until barred by the twenty-one year statute. Revised Statutes, 4977; General Code, 11219; *Bradfield et al* v. *Hale et al,* 67 Ohio St., 316.

When a security for a debt is a lien on real estate, that lien is not destroyed in consequence of the debt being barred by the statutes of limitation. The general rule is that a lien on real estate continues until the discharge of the obligation, and the obligation is not discharged except by payment or by a bar of all the statutes of limitation.

There is no claim that the obligation is paid.

Julia McGill has set up the statutes—all of them. Here the debt evidenced by the note is outlawed—more than fifteen years old. Here the decree finding that a lien exists is not a judgment and is outlawed—more than fifteen years old.

The decree, of date July 6, 1897, is a finding, an order of record, a specialty. It does not arise to the dignity of a judgment and is barred therefore, in fifteen years (*Doyle* v. *West,* 60 Ohio St., 438; *Graham* v. *Simon, Admr.,* 76 Ohio St., 77 at 81.) Here Homberg's right under his mortgage is attacked. This mortgage is not twenty-one years old.

After the real estate described in the mortgage and Homberg were in this court under the state's power to condemn, and after the city had acquired the real estate, Homberg had no rights in the superior court case, except an inchoate reversion, and except a right in some balance which might be there for him after payment of all the liens here and there. No such rights can be the predicate of an action in ejectment. In any event, any order there for relief in favor of Homberg as against the fund here is void. After Homberg entered here he could not acquire any right in the superior court hostile in any way to the necessities of the action here. *Seegar* v. *Mitchell,* 85 Ky., 508.

When the state obtained, by its power of eminent domain, the real estate there was no change in the relations of the parties. As between McGill and Homberg, they are still mortgagor and mortgagee.

The state has taken the land for a public purpose, and the money paid is a fund to be dealt with here as far as McGill and Homberg are concerned, just the same as if it were the real estate.

After Homberg in this action asserted his mortgage lien against this fund, Julia McGill can only defeat it by satisfying the lien, or by successfully maintaining the bar of the twenty-one year statute.

Homberg's legal rights in his mortgage followed him here. The state by its action to condemn, deprived him of his right to eject. The state can by no general law deprive any one either of his common law right, or his equitable right, or his existing statute right, unless it distinctly says so, and not always then. What Homberg could have accomplished by ejectment may now here be accomplished by setting up his lien against the fund, which is here in place of the real estate. Hence, Homberg is entitled to the fund to the extent of satisfying his lien. *Home Ins. Co.* v. *Smith,* 28 Hun., 296.